# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACK JENCKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0164-HE |
| | ) | |
| PHIL COLE, Individually and in his official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jack Jencks, a former police officer for the City of Bethany ("City"), filed this action against the City, its police chief, Phil Cole, and its deputy police chief, John D. Reid, asserting claims under 42 U.S.C. §§ 1983 and 1981[1] and state law. In addition to damages, he seeks declaratory and injunctive relief.

Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6), asserting that the complaint fails to state a claim against them upon which relief can be granted. When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief

---

[1]It is not clear what claim plaintiff is asserting under § 1981.

above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). As explained by the Tenth Circuit, the Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640-41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir.2012)). Considering the complaint under this standard, the court concludes that defendants' motion should be granted in part and denied in part.

## Background

Plaintiff alleges in the complaint that, prior to his termination, he was employed by the City as a police officer and one of his duties included supervising the police department's property room. Among the items stored in the property room were narcotic pills that had been seized by the Bethany police. The pills were sent, along with other drugs, to the Oklahoma State Bureau of Investigation ("OSBI") to be analyzed and eventually destroyed.

Plaintiff alleges that in the spring of 2013 the OSBI Director contacted Police Chief Cole and told him that narcotic pills had been removed from evidence packets the Bethany Police Department had sent the OSBI. Plaintiff asserts that "[t]he scandal of the stolen pills attracted the attention of the local media" and that both Chief Cole and Deputy Chief Reid

2

testified later that they were concerned about adverse publicity. Doc. #1, ¶13. The OSBI investigated the pill theft and Chief Cole assigned Deputy Chief Reid to conduct an internal investigation. Plaintiff asserts that Reid focused his investigation entirely on him, but did not determine that he had stolen the pills. Plaintiff alleges that he passed both an administrative polygraph and a drug test that Reid asked him to take. He alleges that he also took a polygraph examination administered by the OSBI, but was not shown the results of that test. Plaintiff claims that Chief Cole later testified that he did not do well on the OSBI polygraph.

After Deputy Chief Reid completed his report, Chief Cole recommended to the Bethany City Manager that plaintiff be terminated for just cause. Plaintiff alleges that in his memo to the City Manager, Chief Cole neglected to state that plaintiff had passed the administrative polygraph and drug test. The police chief reported that the "circumstantial evidence reflects that in all of the cases where pill evidence can no longer be accounted for, Captain Jencks had some involvement in each situation." Doc. #1, ¶24. He also stated that "[w]hile there is no direct evidence reflected in Deputy Chief Reid's report that Captain Jencks personally took the pills for his own us, for use by others or to sell and trade, the evidence does demonstrate his unacceptable lack of adequate supervision and control of this vital aspect of the operations of the Bethany Police Department. During the investigation, Captain Jencks could offer no reasonable explanation for the breakdown in protocols and controls under his supervision." *Id.* The City Manager terminated plaintiff on August 28, 2013.

Plaintiff was a member of Fraternal Order of Police Lodge 161 ("Lodge"), which is

a party to a collective bargaining agreement ("CBA") with the City. The Lodge filed a grievance, asserting that plaintiff's termination violated the just cause provision of the CBA and an arbitration date was set for April 3 and 4, 2014. Plaintiff alleges in the complaint that in late January, before the arbitration, Deputy Chief Reid submitted a partial, redacted copy of his internal investigation report regarding the missing pills to the Oklahoma County District Attorney and helped him prepare a probable cause affidavit. Plaintiff asserts that part of the report that was excluded included the results of plaintiff's administrative polygraph examination and drug test. Plaintiff alleges that the Oklahoma County District Attorney filed criminal charges against him for grand larceny on February 6, 2014, with the Bethany Police Department listed as the arresting agency. Plaintiff was arrested and released on bond.

The arbitration took place as scheduled in April, followed by the preliminary hearing in plaintiff's criminal case, which occurred on May 23, 2014. Plaintiff alleges that Deputy Chief Reid testified against him at the preliminary hearing and he was bound over for trial.

In early June 2014, the arbitrator ruled that the City did not have just cause to terminate plaintiff and ordered the City to reinstate him with full back pay. Plaintiff alleges that the arbitrator concluded that it was evident that the missing pills were stolen, but there was no evidence in the record that plaintiff had taken them. The City of Bethany filed a petition to vacate the arbitration award in Oklahoma County District Court. Plaintiff asserts the City claimed it should not have to comply with the arbitrator's award because plaintiff had criminal charges pending against him, had lost his preliminary hearing and, therefore,

4

the award violated Oklahoma public policy.

Plaintiff alleges defendants persuaded the Oklahoma County District Attorney's Office to file the criminal charges against him so "they could have a 'back up' in the event the City lost the Arbitration." Doc. #1, ¶43. He claims the District Attorney's office offered to dismiss the charges against him if he agreed to retire from the Bethany Police Department and release any claims he had against the City. A state court judge granted the City's petition to vacate the arbitration award and the Lodge appealed that order. Plaintiff then filed this lawsuit.

In his complaint, plaintiff asserts violations of his First Amendment rights to association and to freedom of speech against all defendants in his first and second causes of action. He asserts abuse of process, malicious prosecution, intentional infliction of emotional distress and libel and slander claims under state law against the City of Bethany in his remaining causes of action.

## Analysis

The court's evaluation of the sufficiency of the complaint has been complicated considerably by its format. The complaint lists approximately fifty allegations of fact, covering a broad array of background activities and circumstances, and then incorporates all of the allegations into each of six claims. The claims are sequentially listed with little or no effort to identify which factual allegations are the basis for, or arguably relate to, a particular claim.

Freedom of Association Claim[2]

Defendants assert that plaintiff has failed to specify how, other than terminating him, defendants retaliated against him because he exercised his First Amendment right to associate. However, they ignore plaintiff's allegations that he engaged in protected activity by requesting arbitration pursuant to the terms of the CBA and that the City and Deputy Chief Reid[3] then retaliated by having him charged with grand larceny. Plaintiff therefore has sufficiently stated a First Amendment freedom of association claim against the City and its deputy chief. His claim fails, though, as to Chief Cole. Plaintiff has not alleged any specific retaliatory actions Chief Cole took or any basis for holding him accountable for interference with plaintiff's First Amendment associational rights. Defendants' motion to dismiss will be granted with respect to Chief Cole as to this claim.

As currently pleaded, plaintiff's freedom of association claim is based solely on defendants' pursuit of criminal charges against him in retaliation for his objecting to his termination by seeking arbitration. Plaintiff will have to amend the complaint if he intends to base this claim on any other ground or theory.

Freedom of Speech Claim

---

[2]*Although plaintiff refers to his first cause of action as a violation of his First Amendment right of assembly, his claim appears to be actually based on the First Amendment freedom of association. See Scrum v. City of Coweta, Okla., 449 F.3d 1132, 1138-40 (10th Cir. 2006).*

[3]*The court assumes, without deciding, that Deputy Chief Reid can be considered a municipal decisionmaker for purposes of § 1983. The parties' briefs do not address whether a basis for municipal, as opposed to individual, liability exists as to any constitutional claim otherwise established.*

Plaintiff's freedom of speech claim consists of one substantive line – "[a] substantial and motivating factor in Defendants' retaliation against Plaintiff were statements he made that were protected by the First Amendment Right of Free Speech." Doc. #1, ¶50. As defendants note, plaintiff fails to identify his protected speech. Identifying such in his response brief is not sufficient. Plaintiff's second cause of action will be dismissed, but with leave to amend.

The remaining state law claims are asserted only against the City of Bethany.

Abuse of Process

Abuse of Process

"'The elements of an abuse of process claim are '(1) the improper use of the court's process (2) primarily for an ulterior or improper purpose (3) with resulting damage to the plaintiff asserting the misuse.'" Callaway v. Parkwood Village, L.L.C.,1 P.3d 1003, 1004 (Okla. 2000) (quoting Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994 )). "[U]se of process to accomplish a coercive goal which is not the intended legal purpose of the process" is a classic example of the required improper use of process. Spalsbury v. Sisson, 250 Fed. Appx. 238, 247 (10th Cir. 2007). Accepting plaintiff's well-plead allegations as true and drawing all reasonable inferences in his favor, the court concludes that plaintiff has stated a claim for abuse of process against the City.

Plaintiff alleges in his third cause of action that the City "improperly used the criminal procedure process to gain leverage against the Plaintiff in what was essentially a labor dispute." Id. at ¶53. He alleges that Deputy Chief Reid "helped prepare an Affidavit of

Probable Cause to have criminal charges for grand larceny filed against Jencks by the Oklahoma County District Attorney." *Id*. at ¶ 30. Plaintiff also alleges that "the Oklahoma County District Attorney's Office offered to drop the criminal charges against Jencks if he agree[d] to retire and resign from the Bethany Police Department and agree[d] to release any and all civil claims against the City of Bethany." *Id*. at ¶ 43. Allegedly the District Attorney was using the criminal proceeding to effect a result other than punishment for a crime. While the complaint does not allege that defendants asked the prosecutor to make the alleged settlement offer or conspired with him to do it, it does allege that "the Defendants persuaded the Oklahoma County District Attorney's Office to file the criminal charges against Jencks so that they could have a 'back up' in the event the City lost the arbitration." *Id.* at ¶43.

Other issues, both legal – grounded in the distinctions Oklahoma law draws between abuse of process and malicious prosecution claims – and evidentiary, may bar plaintiff's claim. However, it is premature to attempt to resolve those issues at this time. Defendants' motion as to plaintiff's abuse of process claim against the City will be denied.

<u>Malicious Prosecution</u>

Plaintiff concedes he does not have a malicious prosecution claim under state law. Regardless, it would be premature, as the underlying criminal case is apparently still pending and has not been resolved in plaintiff's favor. His state law malicious prosecution claim will therefore be dismissed.

<u>Intentional Infliction of Emotional Distress</u>

The court concludes plaintiff has sufficiently alleged a claim for intentional infliction

of emotional distress. The pursuit of false criminal charges against an innocent person, in the circumstances alleged here, is sufficient to show "outrageousness." Defendants' motion as to the intentional infliction of emotional distress claim against the City will be denied.

Libel and Slander

Publication is an element of both a libel and a slander claim under state law. 12 Okla. Stat. §§ 1441,1442. However, plaintiff has not alleged that the City made and published a false statement concerning him. He does not identify what statement was made, who made it or what was false about it. Plaintiff's sixth cause of action will be dismissed without prejudice.

Conclusion

In the complaint, plaintiff asserts only two federal claims under § 1983, one for retaliation in violation of his First Amendment right to freedom of speech and one for violation of his First Amendment right to freedom of association. Defendants' motion to dismiss [Doc. #8] is **GRANTED** as to the freedom of association claim against defendant Cole but **DENIED** as to the City and defendant Reid. The motion is **GRANTED** as to the freedom of speech claim. As for the state law claims, which are asserted only against the City, the motion is **DENIED** as to the abuse of process and intentional infliction of emotional distress claims. It is **GRANTED** with respect to the malicious prosecution and defamation (libel and slander) claims. Plaintiff is **GRANTED** leave to amend to cure the deficiencies as to the dismissed claims, if he can do so. Any amended complaint shall be filed within **seven (7) days**.

**IT IS SO ORDERED**.

Dated this 27th day of May, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE